# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2021

Lyle W. Cayce
Clerk

No. 20-20143
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STEVEN LEE SMITH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-497-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Steven Lee Smith, who entered a conditional guilty plea to being a felon in possession of a firearm, appeals the district court's denial of his motion to suppress the evidence that was derived from the traffic stop that led to his arrest. He argues that the red LED ground effect lighting on the

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

underbody of his motorcycle did not violate Texas Transportation Code § 547.306(b); that the stop of his motorcycle for violating that statute was therefore unlawful; and that, even if the trooper who made the stop mistakenly believed that Smith violated the statute, the trooper's reading of the statute was not objectively reasonable.

When reviewing a denial of a motion to suppress, we review factual findings for clear error and consider conclusions of law de novo. *United States v. Garcia-Lopez*, 809 F.3d 834, 838 (5th Cir. 2016). Generally, the Fourth Amendment requires warrants to search or seize individuals; however, a well-established exception to that rule is the *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1, 28-31 (1968). Under *Terry*, police officers can briefly detain individuals if they reasonably suspect criminal activity is afoot. *Id.* at 30. Reasonable suspicion can rest on a mistaken understanding of the law if the mistake is objectively reasonable. *Heien v. North Carolina*, 574 U.S. 54, 60-61, 68 (2014).

The Texas Transportation Code § 547.306 provides that a "person may operate a motorcycle or moped equipped with LED ground effect lighting that emits a non-flashing amber or white light." TEX. TRANSP. CODE ANN. § 547.306(b). We need not address whether Smith actually violated the statute because we agree with the district court that, even if the trooper had a mistaken understanding of the statute, his reading of the statute as prohibiting red LED ground effect lighting, was nevertheless objectively reasonable. *See Heien*, 574 U.S. at 60-61, 68; *United States v. Alvarado-Zarza*, 782 F.3d 246, 248-50 (5th Cir. 2015). Accordingly, the district court properly denied Smith's motion to suppress. *See Heien*, 574 U.S. at 68. The district court's judgment is AFFIRMED.